UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DEBBIE FULLERTON, individually and as the Administrator of the ESTATE OF BRADLEY FULLERTON, <br><br> Plaintiffs, <br><br> v. <br><br> CORRECTHEALTH, LLC, CORRECTHEALTH BARTOW, LLC, CORRECTHEALTH CHEROKEE, LLC, CANDACE FOUSSELL, DEBORAH KINSEY, MIKA BATES, PHILLIP NOWLIN, ADVANTAGE MEDICAL PROFESSIONALS, LLC, and SUPPLEMENTAL HEALTH CARE SERVICES LIMITED <br><br> Defendants. | )))))))))))))))))))))))) | Case No.: 4:25-cv-00224-WMR |

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

Bradley Fullerton died of a seizure because the medical staff for

CorrectHealth did not provide him with his seizure medications, was deliberately

indifferent when he began having a seizure, and continued to be medically

negligent in his care during the seizure. This lawsuit is brought by Debbie

Fullerton both in her individual capacity as the mother of Mr. Fullerton and as the

1

administrator of Mr. Fullerton's estate against medical staff Candace Foussell, Deborah Kinsey, Mika Bates, and Phillip Nowlin, the medical staff at the Bartow County jail, CorrectHealth Cherokee, LLC, and CorrectHealth Bartow, LLC, their parent company, CorrectHealth, LLC, and the medical staffing agencies, Advantage Medical Professional, LLC, and Supplemental Health Care Services Limited, that employed and placed nurses Foussell and Kinsey at the Bartow County Jail.

## Allegations common to all counts

1. The Estate of Bradley Fullerton is represented in this lawsuit by the Estate Administrator, Debbie Fullerton, who was appointed on August 6, 2025.

2. Debbie Fullerton is Mr. Fullerton's mother and the statutory holder of his wrongful death claim.

3. The conduct that forms the basis of this lawsuit occurred in Cherokee and Bartow Counties, Georgia, which are within the Atlanta and Rome Divisions of the Northern District of Georgia, respectively.

4. Bradley Fullerton died from seizure activity that lasted over 45 minutes.

5. For persons such as Bradley Fullerton, who had been diagnosed as being prone to involuntary seizures, seizure medication is a life-preserving

medication which dramatically reduces the frequency and severity of seizures.

6. Mr. Fullerton took two medications to control his seizures: Keppra and Topamax. Each has a short half-life, meaning that after just a few missed doses, there is no therapeutic level of the medications in the body.

7. On August 19, 2023, Bradley Fullerton was arrested and then booked into the Cherokee County Jail.

8. At all times relevant to this complaint, CorrectHealth Cherokee, LLC, was the contracted medical provider for the Cherokee County jail.

9. Defendant Phillip Nowlin was the treating physician for CorrectHealth Cherokee, LLC, and several other CorrectHealth facilities, including CorrectHealth Bartow, LLC.

10. During Mr. Fullerton's medical intake at Cherokee County Jail, CorrectHealth staff noted that Mr. Fullerton had a pacemaker, and suffered from aphasia, and had a previous stroke.

11. When booked into the jail, Mr. Fullerton brought four prescription medications that a nurse noted in his intake forms and placed with the pharmacy at the Cherokee County Jail.

12. Two of those medications were Topamax, an anti-convulsant medication, and Keppra, an anti-epileptic medication.

3

13.   Mr. Fullerton's prescription required that he take both medications twice daily.

14.   According to CorrectHealth Cherokee, LLC's medical records, Mr. Fullerton received a dose of both medications on October 17, 2023.

15.   Later that same day, Mr. Fullerton was transported to, and received by, the Bartow County Jail. The medications which had been in Mr. Fullerton's possession when he was admitted to the Cherokee County Jail were not sent with him when he was transported to the Bartow County Jail.

16.   CorrectHealth Bartow, LLC, was the contracted medical provider at the Bartow County Jail on behalf of Bartow County and the Bartow County Sheriff's Office.

17.   During his medical intake screening, Mr. Fullerton informed the nurse that he had a history of seizures and a stroke, in addition to having a pacemaker.

18.   After completing Mr. Fullerton's intake screening, the nurse contacted Mr. Fullerton's fiancée, who verified Mr. Fullerton's prescribed medications, their dosage, and the frequency with which he was supposed to take them.

19. The nurse charted that Mr. Fullerton was prescribed Keppra and Topamax.

## Count I

20. This count is alleged against Defendants CorrectHealth Cherokee, LLC, and CorrectHealth, LLC (jointly "the Cherokee Defendants"), by all Plaintiffs. This count incorporates paragraphs 1–19 and is brought against the Defendants for the negligence of their employees.

21. CorrectHealth Cherokee, LLC is a limited liability company that is owned by Triage Holding, Inc.

22. CorrectHealth, LLC is a limited liability company that is owned by Triage Holding, Inc.

23. CorrectHealth Cherokee, LLC, contracts with the Cherokee County Sheriff to provide healthcare services to individuals incarcerated in the Cherokee County jail.

24. All medical providers who provide services pursuant to the contract with the Cherokee County Sheriff are employees of CorrectHealth, LLC.

25. All medical providers who provide services pursuant to the contract with the Cherokee County Sheriff provide those services pursuant to a subsequent contract between CorrectHealth, LLC, and CorrectHealth Cherokee, LLC.

26. CorrectHealth Cherokee, LLC, has no employees and is an entity created solely for the purposes of contracting with the Cherokee County Sheriff.

27. CorrectHealth Cherokee, LLC, pays all funds it receives pursuant to its contract with the Cherokee County Sheriff directly to CorrectHealth, LLC.

28. CorrectHealth Cherokee, LLC, shares all profits earned from the contract with the Cherokee County Sheriff with CorrectHealth, LLC.

29. In collaboration with CorrectHealth, LLC, CorrectHealth Cherokee, LLC, establishes certain policies that govern the provision of medical services by CorrectHealth, LLC, employees.

30. At the time he was transferred to the Bartow County Jail, Mr. Fullerton had been the patient of Defendant CorrectHealth Cherokee, LLC, for two months.

31. Defendants CorrectHealth Cherokee, LLC, and CorrectHealth, LLC, had a duty to ensure that Mr. Fullerton had uninterrupted access to his medications when he was transferred to a new facility.

32. This duty includes providing Mr. Fullerton with an adequate amount of medication to ensure that he would not risk having a seizure before he was admitted and administered new medications at the Bartow County jail.

33.    It likewise includes providing the prescription information so that the receiving facility can easily verify and begin to administer those medications before he can be seen by a provider.

34.    CorrectHealth, LLC, and CorrectHealth Cherokee, LLC, provided neither medication nor his prescription information when Mr. Fullerton was transferred to Bartow County Jail.

35.    The Cherokee Defendants' failure to provide this medication and prescription information is the result of their employees' breach of the standard of care.

36.    The Cherokee Defendants do not have an established policy requiring their employees to provide medication and prescription information to a receiving facility when an individual who is incarcerated in the Cherokee County jail is transferred from the jail to another facility.

37.    The Cherokee Defendants' failure to provide medication and prescription information was a negligent breach of the standard of care.

38.    The Cherokee Defendants' negligence failed to ensure the continuity of care required by the standard of care in treating Mr. Fullerton.

39.    The failure to provide medication and prescription information was the proximate cause of Mr. Fullerton's inability to take his prescribed medication, which was the proximate cause of his seizure and death.

7

40. The Cherokee Defendants are liable for the full value of Mr. Fullerton's life and the pain and suffering Mr. Fullerton experienced before his death under Georgia tort law.

Count II

41. This count is alleged against CorrectHealth Bartow, LLC, and CorrectHealth, LLC ("the Bartow Defendants"), by all Plaintiffs. This count incorporates paragraphs 1-19.

42. CorrectHealth Bartow, LLC is a limited liability company that is owned by Triage Holding, Inc.

43. CorrectHealth, LLC is a limited liability company that is owned by Triage Holding, Inc.

44. CorrectHealth Bartow, LLC, contracts with the Cherokee County Sheriff to provide healthcare services to individuals incarcerated in the Bartow County jail.

45. Medical providers who provide services pursuant to the contract with the Bartow County Sheriff are supplied by CorrectHealth, LLC.

46. CorrectHealth, LLC, employs a certain number of medical providers that it assigns to Bartow County, like Defendants Nowlin and Bates.

47. When CorrectHealth, LLC, does not have employees of its own to staff a location, it contracts with outside staffing agencies, like Defendants

Advantage Medical Professionals, LLC, and Supplemental Health Care Services Limited.

48. All medical staff who provide services under the contract with the Bartow County Sheriff provide those services pursuant to a subsequent contract between CorrectHealth, LLC, and CorrectHealth Bartow, LLC.

49. CorrectHealth Bartow, LLC, has no employees and is an entity created solely for the purposes of contracting with the Bartow County Sheriff.

50. CorrectHealth Bartow, LLC, pays all funds it receives pursuant to its contract with the Bartow County Sheriff directly to CorrectHealth, LLC.

51. CorrectHealth Bartow, LLC, shares all profits earned from the contract with the Bartow County Sheriff with CorrectHealth, LLC.

52. In collaboration with CorrectHealth, LLC, CorrectHealth Bartow, LLC, establishes certain policies that govern the provision of medical services by CorrectHealth, LLC, employees or contractors.

53. Mr. Fullerton was assigned to housing in a cell near the infirmary because of his seizure disorder.

54. After being housed, Mr. Fullerton repeatedly requested his medications from medical staff.

55. CorrectHealth Bartow had both Keppra and Topamax in its pharmacy but did not provide Mr. Fullerton with his medications.

56. Neither medication is addictive or habit-forming. Neither is considered a controlled substance.

57. Still, the Bartow Defendants withheld both medications from Mr. Fullerton on the pretext of needing to verify his prescriptions.

58. The Bartow Defendants did not attempt to contact CorrectHealth Cherokee or Defendant Nowlin until after Mr. Fullerton began to have seizures, nearly a day after completing his intake.

59. The Bartow Defendants had a duty to ensure that Mr. Fullerton received his medications promptly after he was received at Bartow County Jail.

60. The Bartow Defendants knew that without his medications, Mr. Fullerton was at a much greater risk of having seizures.

61. The Bartow Defendants knew that Mr. Fullerton's pacemaker and heart condition put him at a greater risk of severe medical complications and even death if Mr. Fullerton was not able to control his seizures through medication.

62. The Bartow Defendants negligently failed to ensure Mr. Fullerton received critical anti-seizure medicine while he was in their care.

63. The Bartow Defendants negligently failed to ensure the continuity of care required by the standard of care in treating Mr. Fullerton.

64. The Bartow Defendants are liable for the full value of Mr. Fullerton's life and the pain and suffering Mr. Fullerton experienced before his death under Georgia tort law.

## Count III

65. This count is alleged against Defendants Candace Foussell and Deborah Kinsey by all Plaintiffs. This count incorporates paragraphs 1–19 and is brought against these Defendants for their deliberate indifference to Mr. Fullerton's medical needs under the Fourteenth Amendment.

66. Defendant Foussell is a licensed practical nurse. At the time of Mr. Fullerton's death, she was employed to provide health care services at the Bartow County Jail.

67. Deborah Kinsey is a registered nurse. At the time of Mr. Fullerton's death, she was employed to provide health care services at the Bartow County Jail.

68. At around 7:00 p.m. on October 18, 2023, Mr. Fullerton began to feel that he was starting to have a seizure.

69. Shortly thereafter, Mr. Fullerton's tremors worsened. He then placed his mattress on the floor to avoid harming himself if he began seizing and fell from his bed. Mr. Fullerton then laid on the mattress.

11

70. Mr. Fullerton asked his cellmate to request medical help, and his cellmate did so.

71. Following that request, Defendant Kinsey came to Mr. Fullerton's cell with an officer. She checked his vital signs and then left without providing any further medical attention or doing anything else to determine whether Mr. Fullerton showed signs of an imminent or ongoing seizure.

72. Mr. Fullerton then began seeing traces of light. Knowing a seizure was imminent, he requested help again.

73. Defendant Kinsey returned and told Mr. Fullerton that he could wait until he got his medication. Defendant Kinsey also told Mr. Fullerton that he was not having a real emergency and that he would be in trouble if he hit the call button again.

74. Approximately one hour after Mr. Fullerton first reported that he was experiencing the symptoms of an oncoming seizure, at approximately 8:00 p.m., Mr. Fullerton began convulsing.

75. In response, Mr. Fullerton's cellmate pressed the emergency call button again.

76. Defendants Kinsey and Foussell arrived and saw Mr. Fullerton convulsing as he laid on the mattress he had put on the floor.

77. Defendants Kinsey and Foussell called the on-call provider.

78. The on-call provider did not answer the call.

79. Defendants Kinsey and Foussell then waited over twenty minutes for the on-call provider to return their call. During that time, Defendants Kinsey and Foussell did nothing as Mr. Fullerton continued seizing.

80. In spite of the ongoing seizure, Defendants Kinsey and Foussell did not call for an ambulance during that time.

81. Most seizures last less than three minutes.

82. Seizures lasting more than five minutes are considered a medical emergency known as status epilepticus.

83. Permanent injury and death become more likely as the seizures progress.

84. Even a layperson would have recognized the risk to Mr. Fullerton due to an ongoing seizure and called EMS immediately.

85. If emergency medical care had been provided to Mr. Fullerton, it would have consisted of administrating an intravenous dose of Midazolam to stabilize Mr. Fullerton.

86. Instead, Defendants Foussell and Kinsey waited as Mr. Fullerton had a seizure and did nothing.

13

87. Approximately forty-five minutes after Defendants Foussell and Kinsey found Mr. Fullerton convulsing on the floor, Mr. Fullerton had no detectable pulse.

88. Only after Mr. Fullerton had no detectable pulse did Defendants Foussell and Kinsey request emergency medical services.

89. Defendants Foussell and Kinsey knew that seizures are a serious medical condition that can result in death.

90. Defendants Foussell and Kinsey had read Mr. Fullerton's medical intake form and knew that he had a pacemaker and a heart condition that put him at even greater risk of death from seizures.

91. Both Defendants Foussell and Kinsey knew the risks to Mr. Fullerton if they waited to get him emergency medical treatment, but they deliberately ignored the risk and did not call EMS in violation of Mr. Fullerton's rights under the Fourteenth Amendment.

92. Defendants Foussell and Kinsey are liable for full value of Mr. Fullerton's life and the pain and suffering Mr. Fullerton experienced prior to his death.

Count IV

93. This count is alleged against Defendant Mika Bates by all Plaintiffs. This count incorporates paragraphs 1–19 and is brought against Defendant Bates for her deliberate indifference to Mr. Fullerton's medical needs under the Fourteenth Amendment.

94. Defendant Bates was the on-call provider when Mr. Fullerton began seizing.

95. Defendants Foussell and Kinsey called Defendant Bates at approximately 8:00 p.m.

96. By the time Defendant Bates returned Defendants Kinsey and Foussell's call, Mr. Fullerton had been having seizure activity for over twenty-three minutes.

97. At the time she returned the nurses' call, Defendant Bates did not order the nurses to call EMS.

98. Instead, Defendant Bates told the nurses to give Mr. Fullerton oral seizure medications.

99. Every reasonable person would know that the nurses could not give that medication because Mr. Fullerton was still seizing.

100. Seven minutes after Defendant Bates told the nurses to administer oral seizure medication, the nurses called Defendant Bates again and told her

15

that Mr. Fullerton could not take oral medications because of his seizure activity and further reported that Mr. Fullerton's blood oxygen saturation had dropped to 60%.

101. Defendant Bates knew that Mr. Fullerton had been seizing for over half an hour, knew that Mr. Fullerton could not be administered oral medication, and knew that Mr. Fullerton's oxygen levels were dangerously low. Still, Defendant Bates did not order the nurses to call EMS.

102. Defendant Bates knew that Mr. Fullerton would die if he was not taken to an emergency medical facility.

103. Defendant Bates' failure to order the nurses to call EMS deliberately ignored the risks to Mr. Fullerton's life, in violation of Mr. Fullerton's rights under the Fourteenth Amendment.

104. Defendant Bates is liable for full value of Mr. Fullerton's life and the pain and suffering Mr. Fullerton experienced prior to his death.

Count V

105. This count is alleged against Defendant Phillip Nowlin by all Plaintiffs. This count incorporates paragraphs 1–19, is in the alternative to paragraphs 93-104, and is brought against Defendant Nowlin for his

16

deliberate indifference to Mr. Fullerton's medical needs under the Fourteenth Amendment.

106. Defendant Nowlin was the on-call physician when Mr. Fullerton began seizing.

107. Defendants Foussell and Kinsey called Defendant Nowlin at approximately 8:00 p.m.

108. By the time Defendant Nowlin returned Defendants Kinsey and Foussell's call, Mr. Fullerton had been having seizure activity for over twenty-three minutes.

109. At the time he returned the nurses' call, Defendant Nowlin did not order the nurses to call EMS.

110. Instead, Defendant Nowlin told the nurses to give Mr. Fullerton oral seizure medications.

111. Every reasonable person would know that the nurses could not give that medication because Mr. Fullerton was still seizing.

112. Seven minutes after Defendant Nowlin told the nurses to administer oral seizure medication, the nurses called Defendant Nowlin again and told him that Mr. Fullerton could not take oral medications because of his seizure activity and further reported that Mr. Fullerton's blood oxygen saturation had dropped to 60%.

113. Defendant Nowlin knew that Mr. Fullerton had been seizing for over half an hour, knew that Mr. Fullerton could not be administered oral medication, and knew that Mr. Fullerton's oxygen levels were dangerously low. Still, Defendant Nowlin did not order the nurses to call EMS.

114. Defendant Nowlin knew that Mr. Fullerton would die if he was not taken to an emergency medical facility.

115. Defendant Nowlin's failure to order the nurses to call EMS deliberately ignored the risks to Mr. Fullerton's life, in violation of Mr. Fullerton's rights under the Fourteenth Amendment.

116. Defendant Nowlin is liable for full value of Mr. Fullerton's life and the pain and suffering Mr. Fullerton experienced prior to his death.

Count VI

117. This Count is alleged against Defendants Candace Foussell, Deborah Kinsey, CorrectHealth Bartow, LLC, and CorrectHealth, LLC, by all Plaintiffs for negligence under Georgia law. This count incorporates paragraphs 1–19 and 65–92.

118. Defendants Kinsey and Foussell's failure to call an ambulance was grossly negligent and caused Mr. Fullerton's pain and suffering before his death.

18

119. Defendants CorrectHealth Bartow, LLC, and CorrectHealth, LLC, controlled and directed Defendants Kinsey and Foussell and retained the exclusive right to discharge them under the contracts with Advantage Medical Professionals, LLC, Supplemental Health Care Services Limited.

120. Defendants CorrectHealth Bartow, LLC, and CorrectHealth, LLC, are liable for the negligent acts of Defendants Kinsey and Foussell under the doctrines of respondeat superior and borrowed servant.

121. Defendants' conduct grossly deviated from the standard of care and evidenced a conscious indifference to the consequences of their conduct for which Plaintiffs are entitled to punitive damages to penalize Defendants and deter similar conduct in the future.

Count VII

122. This Count is alleged against Defendants Candace Foussell, Deborah Kinsey, Advantage Medical Professionals, LLC, and Supplemental Health Care Services Limited, by all Plaintiffs for negligence under Georgia law. This count incorporates paragraphs 1–19 and 65–92 and is in the alternative to paragraphs 117-121.

123. Defendants' failure to call an ambulance was grossly negligent and caused Mr. Fullerton's pain and suffering before his death.

19

124. Under their contracts with Defendants CorrectHealth Bartow, LLC, and CorrectHealth, LLC, Defendants Advantage Medical Professionals, LLC, and Supplemental Health Care Services Limited, retained some degree of control and direction over Defendants Foussell and Kinsey while they were on assignment to the Bartow County Jail.

125. Defendants Advantage Medical Professionals, LLC, and Supplemental Health Care Services Limited, are therefore liable for the negligent acts of Defendants Foussell and Kinsey under the doctrine of respondeat superior.

126. Defendants' conduct grossly deviated from the standard of care and evidenced a conscious indifference to the consequences of their conduct for which Plaintiffs are entitled to punitive damages to penalize Defendants and deter similar conduct in the future.

Count VIII

127. This Count is alleged against Defendants Mika Bates, CorrectHealth Bartow, LLC, and CorrectHealth, LLC, by all Plaintiffs based on Defendant Bates' professional negligence and respondeat superior under Georgia law. This count incorporates paragraphs 1-19 and paragraphs 93–104.

20

128. When Defendants Kinsey and Foussell called Defendant Bates back, she instructed the nurses to give Mr. Fullerton a single injection of 2 mg of Ativan.

129. Mr. Fullerton continued to seize while his blood pressure dropped to dangerously low levels.

130. After they could no longer detect Mr. Fullerton's pulse, the nurses finally called EMS at 8:50 p.m., twenty minutes after Defendant Bates ordered them to administer Ativan.

131. EMS arrived at the Bartow County Jail about five minutes later and left with Mr. Fullerton around 9:17 p.m.

132. Knowing that Mr. Fullerton began seizing twenty-three minutes before her first call with the nurses, no reasonable physician would have failed to order the nurses to call the ambulance while attempting to resuscitate Mr. Fullerton.

133. Oral seizure medication takes too long to be absorbed by the body to effectively intervene in a patient who is actively seizing.

134. No reasonable physician would have ordered the nurses to administer oral seizure medications to a patient who is actively seizing.

135. When attempting to intervene with a patient who is status epilepticus, a single injection of 2 mg of Ativan is not a sufficient dose for most adults to stop seizure activity.

136. Ativan also carries the risk of hypotension or the loss of blood pressure.

137. This requires the medical staff to monitor the patient and ensure that IV fluids are ready to increase blood pressure.

138. No reasonable physician would have ordered the administration of 2 mg of Ativan to stop Mr. Fullerton's seizure activity without ensuring other safeguards were in place or that EMS had been called to stabilize Mr. Fullerton and take him to an emergency care facility.

139. Based on Defendant Bates' breach of the standard of care, she, CorrectHealth Bartow, and CorrectHealth, LLC, are liable for the pain and suffering Mr. Fullerton experienced and the full value of his life under Georgia tort law.

## Count IX

140. This Count is alleged against Defendants Philip Nowlin, CorrectHealth Bartow, LLC, and CorrectHealth, LLC, by all Plaintiffs based on Defendant Nowlin's professional negligence and respondeat superior under Georgia law. This count incorporates paragraphs 1-19 and paragraphs 105-116, and is in the alternative to paragraphs 127-139.

22

141. When Defendants Kinsey and Foussell called Defendant Nowlin back, he instructed the nurses to give Mr. Fullerton a single injection of 2 mg of Ativan.

142. Mr. Fullerton continued to seize while his blood pressure dropped to dangerously low levels.

143. After they could no longer detect Mr. Fullerton's pulse, the nurses finally called EMS at 8:50 p.m., twenty minutes after Defendant Nowlin ordered them to administer Ativan.

144. EMS arrived at the Bartow County Jail about five minutes later and left with Mr. Fullerton around 9:17 p.m.

145. Knowing that Mr. Fullerton began seizing twenty-three minutes before his first call with the nurses, no reasonable physician would have failed to order the nurses to call the ambulance while attempting to resuscitate Mr. Fullerton.

146. Oral seizure medication takes too long to be absorbed by the body to effectively intervene in a patient who is actively seizing.

147. No reasonable physician would have ordered the nurses to administer oral seizure medications to a patient who is actively seizing.

23

148. When attempting to intervene with a patient who is status epilepticus, a single injection of 2 mg of Ativan is not a sufficient dose for most adults to stop seizure activity.

149. Ativan also carries the risk of hypotension or the loss of blood pressure.

150. This requires the medical staff to monitor the patient and ensure that IV fluids are ready to increase blood pressure.

151. No reasonable physician would have ordered the administration of 2 mg of Ativan to stop Mr. Fullerton's seizure activity without ensuring other safeguards were in place or that EMS had been called to stabilize Mr. Fullerton and take him to an emergency care facility.

152. Based on Defendant Nowlin's breach of the standard of care, he, CorrectHealth Bartow,  and CorrectHealth, LLC, are liable for the pain and suffering Mr. Fullerton experienced and the full value of his life under Georgia tort law.

## Count X

153. This count is alleged against all Defendants and incorporates the factual allegations against each Defendant set forth above.

154. For all claims that arise under Georgia law, Plaintiffs seek attorneys' fees under O.C.G.A. § 13-6-11 based on Defendants' bad faith.

## Requests for Relief

24

Plaintiffs request this Court:

   a. Hold a trial by jury on all issues so triable;

   b. On behalf of the Estate of Bradley Fullerton:

      1. Award compensatory damages for Mr. Fullerton's pre-death pain and suffering against each Defendant;

      2. Award funeral and burial expenses against each Defendant;

      3. Award punitive damages against each Defendant;

      4. Award reasonable attorney's fees under 42 U.S.C. § 1988 against Defendants Foussell, Kinsey, Bates, and Nowlin;

      5. Award attorney's fees under O.C.G.A. § 13-6-11 against each Defendant;

   c. On behalf of Ms. Fullerton in her individual capacity:

      1. Award damages for the full value of Mr. Fullerton's life against each Defendant;

      2. Award punitive damages against Defendants Foussell, Kinsey, Bates, and Nowlin under 42 U.S.C. § 1983.

      3. Award reasonable attorney's fees under 42 U.S.C. § 1988 against Defendants Foussell, Kinsey, Bates, and Nowlin;

      4. Award attorney's fees under O.C.G.A. § 13-6-11 against each Defendant;

d.  On behalf of both Plaintiffs, award such other further legal or

equitable relief to which Plaintiffs are entitled, whether explicitly

pleaded or not.

Submitted on November 10, 2025.

**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225
jeff@civil-rights.law
wingo@civil-rights.law
`

**Wingo F. Smith**
Wingo F. Smith
Georgia Bar No. 147896

26